**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240481-U

Order filed November 14, 2024
_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0481 Circuit No. 24-CF-1453 |
| BENNIE J. GATES, | ) ) ) | Honorable Ann Celine O'Hallaren Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1        *Held*: The court did not err in detaining the defendant.

¶ 2        The defendant, Bennie J. Gates, appeals from his order for pretrial detention, arguing that

the State failed to prove that he posed an unmitigable threat.

¶ 3                                I. BACKGROUND

¶ 4 The defendant was charged on July 6, 2024, with armed robbery with a firearm (Class X) (720 ILCS 5/18-2(a)(2) (West 2022)), criminal damage to property (Class A) (*id.* § 21-1(a)(1)), and obstructing a peace officer (Class A) (*id.* § 31-1(a)(2)). The defendant was subsequently indicted on the additional charges of aggravated robbery (Class 1) (*id.* § 18-1(b)(1), (c)) and robbery (Class 2) (*id.* § 18-1(a), (c)). The State filed a verified petition to deny pretrial release, alleging the defendant was charged with a detainable offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)).

¶ 5 The factual basis provided that on July 5, 2024, officers were on patrol when they were flagged down by a passerby. A vehicle had stopped in the roadway and Cassius Williams exited and walked toward the officers waving his arms. Williams indicated that he had just been robbed at gunpoint by the defendant. Williams drove an unlicensed taxi and had offered a ride to the defendant at the Greyhound bus station in Chicago. Williams agreed to take the defendant to a location in Elmhurst for $40. Surveillance video from the bus station showed the defendant and Williams conversing before entering Williams's vehicle and driving away. The vehicle was next seen at a gas station in Des Plaines, where both men entered. After leaving the gas station, Williams stated that he drove to an apartment building to drop the defendant off. The defendant exited the vehicle, walked around to the driver's side, pulled a handgun from his waistband, and stated, "you didn't know I had a gun did you?" The defendant demanded that Williams return his money.

¶ 6 An eyewitness saw the defendant walk toward the rear of the apartment building. A canine indicated on units C and D, and a detective made contact with the owner of unit C, the defendant's father, who denied him access to the unit. Detectives watched the apartment building and saw a black sport utility vehicle (SUV) with an Uber sign arrive at the apartment. A detective observed

what appeared to be a woman with long hair and a hat exit the apartment and enter the SUV. The detective followed the SUV and effectuated a traffic stop. Upon making contact with the passenger, the detective identified him as the defendant wearing a wig. The defendant fled before he was ultimately apprehended hiding in a nearby garage. A search warrant was obtained for the apartment and officers located the clothing and suitcase the defendant had in the surveillance videos. No firearm was recovered. The defendant identified himself in the photographs from the surveillance videos, but did not admit to the armed robbery. The victim identified the defendant in a photographic lineup.

¶ 7        The defendant was 19 years old at the time of the offense. As a juvenile he committed the offenses of defacing marks on a firearm, criminal sexual abuse, and mob action and was sentenced to terms of imprisonment in the Illinois Department of Corrections. He was also arrested for armed robbery, though there was no disposition for that offense. A pretrial risk assessment indicated that he was a moderate risk.

¶ 8        A hearing was held on July 7, 2024. The State provided the factual basis and the defendant's criminal history, stating that he had an "extensive criminal history for a person of his age." The State said, "with respect to any conditions of release ***, these are very brazen acts." The State continued, "Any and all conditions, including the most restrictive condition, which would be GPS monitoring, would only be reactive in nature. It does not guarantee that in the future victims would be protected from future brazen acts of gun violence at the hands of this defendant." Defense counsel argued that no weapon was ever recovered and noted that the defendant was looking for employment, had a child on the way, and was trying to finish his general education diploma.

¶ 9    The court granted the State's petition. In doing so, the court found that the proof was evident that the defendant committed a detainable offense. Moreover, the court stated,

"Also, after looking at the specific articulable facts of this case and nature and circumstances of this offense, I find that he does pose a real and present threat to the safety of the victim in this case. There was a weapon involved. The victim told the police that he saw a gun that was displayed when he was robbed, so he was robbed at gunpoint, so I think there is a danger to him.

Also, I considered the conditions in 110-5 and 110-10; and after considering the specific articulable facts of this case, the nature and circumstances of this case and those conditions, I think this is a serious case. There is violence involved, the threat of violence involved, because a gun was produced.

Additionally, after the defendant—I should say when the police were looking for the defendant and eventually found him, he ran across six lanes of traffic on Route 83 and essentially there was a manhunt to try to find him.

Based on his history and character, I don't see that he's going to follow any conditions that I put on him, because he's not following the law as it is right now.

So based on his violent history, he has a sex offense in his past, a prior gun charge, and also a mob action case, I'm going to make the finding that I don't believe there are any conditions of pretrial release that would mitigate that threat."

¶ 10    The court's written order indicated that it based its decision on (1) the nature and circumstances of the offenses, (2) the defendant's prior criminal history indicative of violent or abusive behavior, (3) the defendant's social history indicated a violent or abusive nature, (4) the identity of any persons whose safety the defendant is believed to pose a threat, (5) the defendant's

4

access to weapons, and (6) "the violent nature and circumstances of the offense, a firearm was used, violent criminal history indicated an inability to follow the rule of law or conditions of release." The defendant filed a motion for relief, which was denied.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, the defendant argues the court erred in detaining him where the State failed to prove that he posed a threat that could not be mitigated by conditions. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. "Under either standard, we consider whether the court's determination is arbitrary or unreasonable." *Id.*

¶ 13        Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 14        First, we cannot say it was against the manifest weight of the evidence for the court to find the defendant posed a real and present threat to the community. The State's factual basis provided that the defendant robbed a taxi driver at gunpoint in front of an apartment complex. This clearly indicated that the defendant was a danger to the driver and the community at large. Second, the

5

State presented evidence that there were no conditions available to mitigate the threat the defendant posed. The court considered the factors contained in the statute, including the nature and circumstances of the offense and the history and characteristics of the defendant. See *id.* § 110-5. The court noted the defendant's criminal history and possession of a firearm. Based on this, the court found the defendant would not comply with any conditions. Taking the evidence before us, we cannot say the court's decision to detain the defendant was an abuse of discretion.

¶ 15                                          III. CONCLUSION

¶ 16          The judgment of the circuit court of Du Page County is affirmed.

¶ 17          Affirmed.

¶ 18          PRESIDING JUSTICE McDADE, dissenting:

¶ 19          I dissent from the majority's decision to affirm the circuit court's order granting the State's verified petition to deny pretrial release.

¶ 20          The majority finds that the State met its burden of proof with respect to each of the statutory elements for the denial of pretrial release. As the majority recites, section 110-6.1(e) of the Code of Criminal Procedure of 1963 states that "[a]ll defendants shall be presumed eligible for pretrial release * * *." 725 ILCS 5/110-6.1(e) (West 2022). To rebut this presumption, the State must prove the following three elements, by clear and convincing evidence: (1) that the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) that the defendant poses a real and present threat to the safety of any person, persons, or the community, or a risk of flight; and (3) that no conditions can mitigate this threat. *Id*.

¶ 21          I agree with the majority that the State met its burden of proof with respect to the first of the above elements. As to the third element, the majority addresses defendant's argument that the State failed to prove a lack of mitigating conditions by first noting that the State presented some

6

evidence regarding mitigating conditions and then finding that the circuit court considered the statutory factors relating to conditions and, thereby, did not abuse its discretion by deciding to detain defendant. However, the State's burden of proving a lack of mitigating conditions is separate from the circuit court's duty to consider the statutory factors relating to conditions. Compare *id.* § 110-6.1(e) (requiring the State to prove that no conditions can mitigate the threat posed by a defendant) with *id.* § 110-5(a) (enumerating the factors for a circuit court to consider when determining the effectiveness of specific conditions of pretrial release).

¶ 22     Moreover, the State argued below that all potential conditions, including GPS, would fail to sufficiently mitigate defendant's dangerousness because they are "reactive" rather than "preventative" in nature and, thus, would fail to adequately protect future victims from harm caused by defendant. As defendant points out on appeal, there is no known extant authority that requires conditions to completely eliminate the risk associated with a defendant's dangerousness, and it remains unclear how certain conditions such as GPS would fail to at least somewhat mitigate the danger that he poses in the context of this case. Accordingly, I find that the State failed to meet its burden of proof regarding the third element and would reverse the circuit court's order as an abuse of discretion.